Curia, per JohnstoN, Ch.
There is no doubt whatever, that, upon any principle assumed in argument, this bill is well filed. The claim of Reives is sufficient ground for it. It is stated that one Wells obtained three several judgments in the federal court against the testator, and against Williamson and Rieves, his sureties ; and that Rieves paid off the judgment against himself, under an understanding that the judgment against the testator should be assigned to him ; and he claims to rank as a judgment, instead of a simple contract, creditor, against the testator’s estate. Now, consider that this is an insolvent estate, with *35 scarcely a possibility that the assets, real and personal, shall extend very far towards the payment of the simple contracts — that there are nearly a hundred creditors, holding every variety and amount of claim ; and that the executor is liable to be sued, and has been sued, in every court, from that of a justice up to the highest jurisdiction : and it will be perceived, at once, that his position is one of indescribable embarrassment. How is he to meet all these creditors at once ? How shall he frame his pleadings, so as to protect himself, or the estate in his hands, from loss 1 Is he to determine at his own hazard, whether the facts, upon which Reives founds his claim, really exist, or can be substantiated ? or is he, at his peril, to decide the law applicable to the facts as they may be made out 1
The case stands as that of a trustee in possession of funds, upon which numerous parties have conflicting claims; and who calls them together, to interplead, and to determine their claims among themselves; being ready, himself, to disburse the fund according to the result.
It is true that, independently of the claim of Reives, such a bill as the present is not known to the English practice : but it has been long established among us, is well known to every member of the profession, and is too wholesome to be abrogated.
Among us the real estate, as well as the personal estate, is liable for the debts of the deceased. But no order for the sale of the former, in aid of assets, can be obtained except in this court. It is manifestly for the benefit of all parties, when this is necessary, that the whole of the funds should be brought together, and all the creditors brought in, and that the estate should be administered in one suit. This practice adjusts conflicting claims without prejudice to the trustee, and without injury to any party, and prevents unnecessary litigation.
Where the executor files such a bill; the practice is to select one or two of the principal creditors, as defendants ; and to bring in the others by an order. None of them need answer except when specially required, or ordered by the court. The rest appear and litigate orally. But all are enjoined either by an order, or by injunction issued in conformity to an order obtained, from suing elsewhere.
It appears that the plaintiff in this case has incautiously required answers from all the creditors. But leave is hereby granted him to amend his bill in that matter, so as to indicate those from whom he requires an answer.
*36 There remains another point, requiring the special notice of the court. When an executor, or administrator, comes for the aid of the court in administering the estate in his hands, the court should be placed in possession of the fund to be administered. And when the court is called upon to order a sale of land in aid of assets, it should have the command of the proceeds of sale, to be administered. We should not be required to enjoin creditors iron proceeding elsewhere, unless we are placed in possession of the funds to which the creditors are entitled; so as to enable us to satisfy all the just rights with which we have interfered. •
The sale which the executor was allowed to make, should have been made by the officer of this court: by which not only the fund would have been in the hands of the court, but the sale would have been made at far less expense, the commissions of the master being less than those of the executor. As a different course was taken, however, we must endeavour to restore matters to their proper posture, as best we can. And it is ordered that the executor do, before the 1st of February, 1846, deliver to the commissioner all the securities of the estate, including those taken for the sale of property sold under the order of Chancellor Johnson, together with whatever monies he may have collected or received belonging to the estate, or arising from sales made by him, eicept such sums as he may have already disbursed in his administration.
Finally, it is ordered that the decree be modified as atove indicated. In all other respects, it is affirmed and the appeal dismissed.
Johnson, Harper and Dunkin, CC. concurred.